Filed 6/14/16  P. v. Winner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>STACY ALAN WINNER,<br><br>     Defendant and Appellant. | C079939<br><br>(Super. Ct. Nos.<br>CM035413, CM041745) |

Defendant Stacy Alan Winner's Penal Code section 1170.18[1] petition for resentencing on his conviction for possession of a controlled substance was granted by the trial court, which designated the crime a misdemeanor and imposed the same consecutive eight-month term as originally imposed for the offense, to be served in county jail rather than state prison.

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant appeals from the court's order, contending that he will earn fewer credits against his sentence in county jail rather than state prison, which impermissibly gives him a longer term than originally imposed. Finding that the ability to earn credits is not a part of the term imposed for a crime, we affirm the trial court's order.

BACKGROUND

We dispense with the facts of defendant's crimes as they are unnecessary to the resolution this appeal.

Defendant pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and five prior prison terms (§ 667.5, subd. (b)) in case No. CM035413. The trial court granted defendant's motion to strike the strike prior, suspended imposition of sentence, and placed defendant on 48 months' formal probation.

Defendant later pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in case No. CM041745 and admitted violating his probation in case No. CM035413. The trial court sentenced defendant to seven years eight months in state prison for the two cases. Part of this sentence was a consecutive eight-month term for the possession count.

In November 2014, defendant filed a section 1170.18 petition for resentencing on the possession conviction in case No. CM035413. The trial court granted the petition, reducing the possession conviction to a misdemeanor, and resentencing defendant to a consecutive eight-month county jail term on that count.

DISCUSSION

The passage of Proposition 47 which added section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ."

2

under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." (§ 1170.18, subd. (e).)

Defendant claims that by sentencing him to serve the eight-month term in county jail rather than state prison, the trial court inadvertently reduced the number of credits he could earn against his sentence, thereby effectively increasing his term, a violation of section 1170.18, subdivision (e). Defendant notes that at the place he was serving his prison term when he filed his opening brief, a state fire camp, he was entitled to earn worktime credits at a rate of two days for every day served. (§ 2933.3.) Defendant additionally points out that minimum security state prisoners are currently entitled to earn worktime credits at the same two for one rate pursuant to a stipulation in the federal litigation concerning overcrowding in California's prison system. (See *Coleman v. Brown* (E.D. Cal., No. 2:90-cv-0520 KJM DAD PC; N.D. Cal., No. C01-1351 TEH), stip. of Dec. 12, 2014.)[2] Inmates in county jail earn conduct credits at a lower two for two rate. (§ 4019.) From this, defendant concludes that he will actually serve more time on the eight-month term in county jail than he would in state prison due to the different rate of credits he can earn in the two systems. In order to avoid this potential outcome, defendant requests that we allow him an opportunity to consider whether he wishes to withdraw the section 1170.18 petition.

Defendant's argument fails because the ability to earn conduct or worktime credits against one's sentence is a contingency that is not part of the term of incarceration imposed by the trial court. An example of this is found in context of changes to the law governing the rate at which county jail inmates could earn conduct credits under section

---

[2]     We have previously granted defendant's motion to take judicial notice of the stipulation in *Brown v. Coleman*.

3

4019. The Supreme Court addressed the issue of whether changes to section 4019 increasing the rate at which conduct credits were earned applied retroactively in *People v. Brown* (2012) 54 Cal.4th 314, 317-318 (*Brown*). One issue in *Brown* was whether retroactive application was mandated under the rule of *In re Estrada* (1965) 63 Cal.2d 740 that changes in the law reducing punishment for a crime were presumptively retroactive. (*Brown*, *supra*, at pp. 323-324.) The Supreme Court concluded that retroactive application was not required for changes to credit earning formulas: "The question can properly be answered only in the negative. The holding in *Estrada* was founded on the premise that ' "[a] legislative mitigation of the penalty *for a particular* crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law" ' [citation] and the corollary inference that the Legislature intended the lesser penalty to apply to crimes already committed. In contrast, a statute increasing the rate at which prisoners may earn credits for good behavior does not represent a judgment about the needs of the criminal law with respect to a particular criminal offense, and thus does not support an analogous inference of retroactive intent. Former section 4019 does not alter the penalty for any crime; a prisoner who earns no conduct credits serves the full sentence originally imposed. Instead of addressing punishment for past criminal conduct, the statute addresses *future conduct* in a custodial setting by providing increased incentives for good behavior." (*Brown, supra*, 54 Cal.4th at p. 325, original italics, fn. omitted.)

The rule is the same in the context of this case. As with section 4019 credits, prison worktime credits are dependent on a contingency taking place after the imposition of sentence, the prisoner earning the credits through good behavior. "Credit is a privilege, not a right. Credit must be earned and may be forfeited pursuant to the provisions of Section 2932. . . ." (§ 2933, subd. (c); see *People v. Buckhalter* (2001) 26 Cal.4th 20, 23 ["Instead, any credits *beyond actual custody time* may be earned, if at all, only under the so-called worktime system separately applicable to convicted felons

4

serving their sentences in prison," original italics].)[3]  As with section 4019 credits, the rate at which worktime credits can be earned is not part of the term imposed by the trial court.

Having defendant serve the eight-month term in county jail rather than state prison did not increase defendant's term, and his contention to the contrary is without merit.

DISPOSITION

The judgment (order) is affirmed.


            NICHOLSON            , Acting P. J.


We concur:


        HULL            , J.


        ROBIE            , J.

---

[3]      Whether a prisoner has earned worktime credits through appropriate behavior is beyond the trial court's jurisdiction, reinforcing the contingent nature of worktime credits.  (See *People v. Buckhalter, supra*, 26 Cal.4th at p. 31.)